UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

SHANISE FARRAR,

                     Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

------------------------------------------------------X

**ORDER**

22 Civ. 08844 (JCM)

Plaintiff Shanise Farrar ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision by the Commissioner of Social Security (the "Commissioner"), denying Plaintiff's application for disability benefits. (Docket No. 1). On February 24, 2023, the Court so ordered the parties' joint stipulation, remanding the case to the Commissioner for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g). (Docket No. 15). Upon remand, an Administrative Law Judge ("ALJ") issued a favorable decision finding Plaintiff disabled and entitled to benefits. (Docket No. 21 ¶ 6). Plaintiff now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Docket No. 19). The Commissioner does not contest the reasonableness of the fee request. (Docket No. 23). For the reasons set forth below, Plaintiff's motion for attorney's fees is granted.[1]

## I. BACKGROUND

On May 14, 2019, Plaintiff applied for Social Security Disability and Supplemental Security Income benefits. (Docket No. 1 ¶ 6). In her application, Plaintiff alleged that she was disabled as of June 24, 2018. (*Id.* ¶ 4). The Commissioner denied her application, and Plaintiff

---

[1] This action is before the Court for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket No. 12).

requested a hearing before an ALJ. (*Id.* ¶ 7). The hearing was held on September 14, 2020. (*Id.* ¶ 8). On May 24, 2021, the ALJ issued a decision finding her not disabled. (*Id.* ¶ 9). The Appeals Council denied review of that decision on August 19, 2022. (*Id.* ¶ 11). Plaintiff attempted to submit additional materials to the Appeals Council in support of her claim and request for review, but the Appeals Council declined to consider that submission. (*Id.* ¶ 12). Plaintiff retained the Law Offices of Charles E. Binder and Harry J. Binder, LLP (the "Binder Firm") to appeal the Commissioner's denial of benefits to this Court. (Docket No. 21-1). The retainer agreement ("Retainer Agreement") "provides that if the claimant's case is remanded by the United States District Court to the Social Security Administration" and Plaintiff is ultimately "awarded past due benefits," Plaintiff will pay the Binder Firm up to twenty-five percent of the past due benefits awarded. (Docket No. 21 ¶ 3).

Plaintiff commenced the instant action on October 17, 2022. (Docket No. 1). The parties subsequently agreed to remand the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket No. 14). The Court so ordered the stipulation of remand on February 24, 2023.[2] (Docket No. 15). On March 3, 2023, the Court signed the parties' stipulation awarding Mr. Binder attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,457.85. (Docket No. 18).

Following remand, the ALJ issued a fully favorable decision finding Plaintiff disabled since June 24, 2018, and therefore, entitled to benefits. (Docket No. 21 ¶ 6). On August 26, 2025, the Social Security Administration issued a Notice of Award (the "Notice") indicating that Plaintiff's past due benefits amount to $78,459.00. (Docket Nos. 21-1 at 7; 20 at 3). The Binder Firm received the Notice on September 2, 2025. (Docket No. 21 ¶ 12). On September 9, 2025,

---

[2] The Clerk of Court entered judgment setting forth the same on February 24, 2023. (Docket No. 16).

Plaintiff filed the instant motion, requesting $19,614.75 in attorney's fees, which is twenty-five percent of Plaintiff's past-due benefits. (Docket No. 19).

## II. DISCUSSION

Under Section 406(b) of the Social Security Act ("SSA"), when an attorney represents a claimant who receives a favorable judgment, "the court may determine and allow . . . a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made . . . and then reviews the request for reasonableness." *Johnson v. Kijakazi*, 20-CV-2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citation omitted). The Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[3] 42 U.S.C. § 406(b)(1)(A). As such, an award under Section 406(b) is not a fee-shifting arrangement between the parties but is instead an amount that the Social Security claimant pays his or her own attorney. *Wells v. Sullivan*, 907 F.2d 367, 370-71 (2d Cir. 1990).

### A. Timeliness

The timeliness of an application for attorney's fees is governed by Federal Rule of Civil Procedure 54(d), which requires motions to "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); *see also Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019) ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply [Rule 54(d)'s] fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment."). However, the Second Circuit in *Sinkler* held that

---

[3] The Commissioner "has no direct financial stake" in the award of attorney's fees, but rather "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

equitable tolling extends the fourteen-day filing limitation to after "a party receives notice of a benefits calculation." 932 F.3d at 89. The Circuit reasoned that equitable tolling is appropriate in cases where a benefits determination is remanded by the district court because "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406(b) caps attorney's fees at 25% of the benefits award." *Id.* at 87. Thus, "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88.

Here, the Notice is dated August 26, 2025, but the Binder Firm did not receive the Notice until September 2, 2025. (Docket Nos. 21 ¶ 12; 21-1 at 7). Plaintiff filed the instant motion on September 9, 2025, seven days after counsel received the Notice. (Docket No. 19). Thus, the motion is timely. In addition, the Commissioner does not contest the timeliness of Plaintiff's motion. (Docket No. 23). Accordingly, the Court finds Plaintiff's motion for attorney's fees is timely.

**B. Reasonableness**

The SSA provides that courts may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). "[W]here there is a contingency fee agreement in a successful security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells*, 907 F.2d at 371. As a result, "§ 406(b) does not displace contingent-fee agreements," but "[r]ather . . . calls for court review of such

arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807.

In determining whether the fee is "unreasonable," courts must consider (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372; *see also Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022). In *Gisbrecht*, the Supreme Court also held that reduction of the fee may be "appropriate[]" "based on the character of the representation and the results the representative achieved," or the attorney's role in any delay. 535 U.S. at 808. Here, the percentage is within the twenty-five percent statutory cap, and there is no evidence of fraud or overreaching. (*See* Docket No. 21-1 at 2). Thus, the Court focuses its analysis on whether the requested amount constitutes a windfall or otherwise must be reduced. *See Gisbrecht*, 535 U.S. at 808.

To determine "whether a requested fee would result in a 'windfall' to counsel," the court must analyze whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Fields*, 24 F.4th at 849, 853; *see also Gisbrecht*, 535 U.S. at 808. However, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854. Therefore, the Second Circuit set forth four additional factors to be considered when determining whether a particular award constitutes a windfall: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how

uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

Applying these factors, the Court finds that the fee that Plaintiff's counsel seeks is reasonable. Mr. Binder seeks $19,614.75 in attorney's fees, twenty-five percent of Plaintiff's past-due benefits, which is within the statutory cap imposed by the SSA.[4] *See* 42 U.S.C. § 406(b)(1)(A). This fee will not result in a windfall for multiple reasons. First, Plaintiff's counsel represented Plaintiff on a contingency fee basis, and the fee sought appropriately accounts for the risks inherent in such a case. *See Wells*, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Second, Mr. Binder and his colleague, Daniel S. Jones, are experienced attorneys who have each worked on more than one thousand Social Security disability benefits claims. (Docket No. 21 ¶¶ 9, 11). Mr. Binder also previously served as president of the New York Social Security Bar Association. (*Id.* ¶ 11). While counsel spent 32.30 hours of attorney time to achieve a favorable result for Plaintiff, (Docket No. 21-1 at 5), a less experienced attorney may have needed to expend far more time. In addition, "[d]istrict courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court." *Bass v. Kijakazi*, 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (internal quotations omitted) (collecting cases). Therefore, spending 32.30 hours of attorney time on Plaintiff's case is reasonable. (Docket No. 21-1 at 5). Third, the requested amount yields an effective hourly rate of $607.27, which is "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Valle v. Colvin*, 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y.

---

[4] "Most contingency agreements in social security cases set the contingency rate at 25 percent and that is true in this case." *Rivera v. Saul*, 18-CV-7135 (JLC), 2021 WL 864184, at *2 (S.D.N.Y. Mar. 9, 2021).

May 15, 2019) (approving $1,079.72 *de facto* hourly rate); *see also Fields*, 24 F.4th at 854 (approving $1,556.98 *de facto* hourly rate); *Kazanjian v. Astrue*, No. 09 Civ. 3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (approving $2,100 imputed hourly rate); *Foley v. Kijakazi*, 20-CV-4231 (JLC), 2022 WL 17727642, at *3 (S.D.N.Y. Dec. 16, 2022) (approving $964.22 *de facto* hourly rate). Fourth, given the favorable result counsel obtained for Plaintiff, there is nothing to suggest that Plaintiff is anything less than satisfied with the representation provided.

Accordingly, the Court finds the requested attorney's fee award of $19,614.75 is reasonable.

## C. EAJA

"Under [the] EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)). This provision "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket," and calculates fees "not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate.'" *Id.* (quoting 28 U.S.C. § 2412(d)(1)(B)) (alteration in original). Although awards under both the EAJA and Section 406(b) are permissible, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id.* (quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186) (alteration in original).

Here, the parties previously stipulated to Plaintiff's counsel receiving an EAJA fee of $7,457.85, which the Court approved on March 3, 2023. (Docket No. 18). Since counsel is now receiving an award under Section 406(b) that exceeds his prior EAJA award, he must refund to

Plaintiff the smaller EAJA award. Accordingly, the Court directs Plaintiff's counsel to refund Plaintiff the $7,457.85 EAJA fee award upon receipt of his attorney's fees under Section 406(b).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is granted in the amount of $19,614.75. Plaintiff's counsel shall refund $7,457.85 in EAJA fees previously received to Plaintiff upon receipt of his fees under Section 406(b).

The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 19).

Dated:  October 8, 2025
        White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge